SMITH v. BLOUNT et ux.—66 S. W. (2d) 1011.

Western Section.   October 28, 1933.

Petition for Certiorari denied by Supreme Court, January 27, 1934.

P. M. Harbert, of Savannah, for appellant.
Ross & Ross, of Savannah, for appellee.

SENTER, J.  The original bill was filed in this cause by complainant, Alfred Smith, against the defendants E. J. Blount and wife, Annie Blount, to enjoin a suit at law commenced in a justice of the peace court in Hardin county, Tennessee, and seeking to recover of both the defendants, or from E. J. Blount individually, a

balance alleged to be due and owing to complainant. The original bill alleged, in substance, that E. J. Blount and wife had executed a trust deed on certain farm lands in Hardin county to secure a note for $1,100, representing money borrowed by the defendants from complainant; and also alleging that at the time the defendants executed said trust deed to secure said $1,100 note, the defendant E. J. Blount then owed a balance of $745.34 on certain vendor's lien notes which the defendant E. J. Blount had executed to H. G. Smith, as a part of the purchase price for said land; and that on the same date that the defendants obtained said loan from complainant that he also executed a new note to H. G. Smith for said sum of $745.34, representing the balance which the defendant E. J. Blount owed to H. G. Smith on said land. The bill further alleged that after said $1,100 note had been extended and interest paid thereon for two years, that the defendant E. J. Blount informed complainant that he would be unable to pay anything else on the notes, and that the land would have to be sold under the trust deed; that after consulting with his attorney the trustee in the trust deed proceeded to advertise said lands for sale under the terms of the trust deed and sold the same, at which sale it was purchased by the complainant, at the price of $1,100, and a deed was executed to complainant to said land by the substitute trustee in the trust deed.

The bill further alleged that complainant had become the owner of the $745.34 note executed by defendant E. J. Blount to H. G. Smith. The bill further alleged that upon the advice and counsel of his attorney, the $1,100 representing the proceeds of the sale under the trust deed, after deducting $20 for the expenses incident to the sale, was first applied to the satisfaction of the balance remaining on the $745.34, and the lien of record on said note was satisfied, and the balance was applied to the $1,100 note. The bill further alleged that complainant instituted suit in the justice of the peace court against both defendants to recover the balance due on the $1,100 note; that defendants claimed a set-off on account of alleged usurious interest, and that by consent a nonsuit was taken by the complainant in the justice of the peace court, but the defendants appealed to the circuit court, and the bill in this cause seeks to enjoin the suit at law, and to have all matters settled between the parties in this suit. The bill further alleges that complainant had paid certain taxes on the land while it was owned and held by the defendant, and sought to recover the amount of the taxes so paid; and also to recover attorney's fees as provided in the face of the $1,100 note.

The bill further alleges, in substance, that in satisfying said H. G. Smith note of record, complainant acted upon the advice of his attorney, and alleged that if the proceeds of the sale should have first been applied to the $1,100 note, since that note was secured

by the trust deed, and if it should be held by the court that said $1,100 note secured by the trust deed should have been first paid out of the proceeds of the sale, that then and in that event the complainant be decreed a judgment against the defendant E. J. Blount for the balance remaining due on the H. G. Smith $745.34 note, and attorney's fees, and the taxes paid on the land with interest thereon. The bill further alleged that the trust deed recited that there was no incumbrance on the land at the time the trust deed securing the $1,100 note was executed.

Both defendants filed demurrers to the original bill. The demurrer of E. J. Blount was overruled, but the chancellor sustained the demurrer of Mrs. Annie Blount, and dismissed the bill as to her. To the action of the chancellor in overruling his demurrer, the defendant E. J. Blount excepted. The defendant E. J. Blount then filed an answer to the bill. By his answer E. J. Blount admitted the execution of the trust deed jointly with his wife on the tract of land securing a note for $1,100 on its face. The answer averred that the defendant Blount and wife borrowed $1,000 from the complainant, and that complainant charged them 10 per cent per annum interest, and that $100 of said $1,100 note was retained by complainant as interest on said loan for one year, and that defendants paid to complainant $100 per annum for the next two years as interest on said loan; that all in excess of $60 per annum was usurious and illegal, amounting to $120 which the defendants were entitled to recover from complainant. The answer further averred that complainant, by applying the $1,100 to the $745.34 H. G. Smith note, and only entering a credit on the $1,100 note for the balance, sought to defraud the defendant, and in so doing was seeking to hold Mrs. Annie Blount jointly with E. J. Blount for the balance remaining on the $1,100 note. The answer averred that this was a fraudulent scheme and plan by complainant to hold Mrs. Annie Blount, and that Mrs. Annie Blount had an expectancy in her father's estate, while E. J. Blount was at the time insolvent. The answer averred that this was an attempted fraud, and that complainant knew that the trust deed which was foreclosed only secured the $1,100 note and did not secure the $745.34 note.

The answer averred further that in satisfying said $745.34 note of record out of said sale price, complainant then knew that said $745.34 note was not secured by the trust deed and that the property had not been sold for the purpose of paying said $745.34 note, but was sold for the purpose alone of satisfying the $1,100 note executed by the defendant and his wife, and that in satisfying said $745.34 note out of said purchase price it was not the result of any mistake upon the part of complainant, as alleged in the bill, but was the deliberate act of complainant in furtherance of his scheme and plan to defraud Mrs. Annie Blount, and because of said at-

tempted fraud, complainant was in a court of equity with unclean hands, and that he was not entitled to any relief because of unclean hands, and that he should be repelled in a court of equity.

Only one deposition was taken in the cause, and the notes and trust deed and trustee's deed with the indorsements thereon were filed as exhibits to the record. At the hearing of the cause, the chancellor found and so held as follows:

"(1) That on or about the 5th day of December, 1928, the defendant, E. J. Blount, was indebted to H. G. Smith, the father of complainant, for a balance on certain purchase money notes for the land described in the bill, that said H. G. Smith was insisting upon and demanding payment of the indebtedness due him which was secured by an express vendor's lien in the deed on the land made by H. G. Smith to defendant, E. J. Blount.

"(2) That to enable H. G. Smith to procure a payment on his indebtedness, the complainant agreed to loan defendant, E. J. Blount, $1,000 for which defendant E. J. Blount, and his wife, defendant Annie Blount, were to execute to complainant their promissory note for $1,100, due one year after date, to be secured by a deed of trust on said land, and pursuant to said agreement, complainant did make said loan of $1,000, by the payment of the same to his father H. G. Smith, on the purchase money note due him by the defendant E. J. Blount, and upon payment to H. G. Smith of said amount loaned by complainant, the vendor's lien indebtedness was reduced to the sum of $745.34, and on the 8th day of December, 1928, a new note was executed by defendant E. J. Blount to H. G. Smith, for said sum of $745.34, due November 15, 1929, as the balance due on the purchase money notes. A note was executed by defendant E. J. Blount and wife, Annie Blount, to complainant for $1,100, dated December 5, 1928, due December 1, 1929, and to secure the payment of said note, complainant had prepared the trust deed to be executed by the defendant E. J. Blount and wife, to said land conveyed to E. J. Blount by H. G. Smith, which trust deed was so prepared, and on the 5th day of December, 1928, was executed by defendant, Blount and wife, and on the same day registered in Trust Deed Book 'YY' page 158, in the Register's Office of Hardin County, Tennessee.

"(3) That while it is insisted by complainant that the note to H. G. Smith for $745.34 was a vendor's lien note secured by the lien retained in the deed to E. J. Blount, yet the court finds that notwithstanding that insistence and contention, the deed of trust to secure the note for $1,100 to complainant, was prepared at the instance of complainant with full knowledge on the part of complainant of the existence of the H. G. Smith note, and yet, the trust deed recited and covenanted that the land therein conveyed was unencumbered.

"(4) That on or about December 1, 1929, defendants paid to complainant on said note for $1,100 the sum of $100 as the interest thereon to December 1, 1930, and again on or about December 1, 1930, defendants paid to complainant $100 as the interest thereon to December 1, 1931; and on December 1, 1931, default having been made in the payment of said note, complainant on the next day, December 2, 1931, caused the trustee to advertise the land for sale under the trust deed for the payment of said note for $1,100, the sale to be made December 24, 1931, and on the latter date the land was sold by the trustee, purchased by the complainant for $1,100, and after paying $20 costs and expenses of the sale, the balance of the bid of $1,100 was first applied by complainant to the satisfaction of the balance due on the H. G. Smith note in the sum of $710.85, complainant insisting that he had become the owner of that note by transfer of the same from his father, and the remainder of the bid of $1,100 was credited in the sum of $369.15, on said note for $1,100 against defendants, secured by said trust deed.

"(5) That on the same day of the sale, a deed, prepared by the solicitor for complainant, was made by the trustee to complainant to the land sold, free from redemption, and said deed was filed for record and recorded on the same day, December 24, 1931. The note for $1,100 was by complainant credited by endorsement on the back by his solicitor as follows: 'December 24, 1931, Cr. by balance from sale of land $369.15,' with the further statement:

| | |
|---|---:|
| "Land sold for | $1,100.00 |
| "Costs and Exps. | 20.00 |
| "Bal. for debts | $1,080.00 |
| "Bal. on H. G. Smith note | 710.85 |
| "Cr. on this note | $369.15 |

"And on the same day of the sale of the land complainant upon the advice of his solicitor, duly satisfied on the record in the Register's Office where the deed from H. G. Smith to defendant E. J. Blount was recorded, the vendor's lien showing the payment of the H. G. Smith note, and on the 26th day of December, 1931, instituted suit before a Justice of the Peace against both defendants, Blount and wife, seeking to recover from both of them the balance claimed by complainant to be used on said note for $1,100, and on the trial before the Justice of the Peace, payment of said note for $1,100 and usury were pleaded by the defendants, and thereupon complainant took a nonsuit, and thereafter filed his bill in this cause.

"(6) The court, upon the facts found, being of opinion that complainant is entitled to have the satisfaction of the H. G. Smith note as credited on the back thereof set aside, and to a decree against defendant E. J. Blount for the balance due thereon in the sum of

$768.54, and for the taxes paid by the complainant on said land for the year 1929 in the sum of $155.30, with interest thereon in the sum of $12.31, and for 1920, $124.32, with interest $8.80, in all on said H. G. Smith note, interest and taxes with interest, $1,109.27, and the court so adjudges and decrees.

"The court being further of the opinion and so adjudges and decrees, that said note for $1,100 was, upon the sale of said lands satisfied and discharged, it appearing that in said note when executed, there was included usury to the amount of $40, and that on payment of interest December 1, 1929, $40 usury was paid, and likewise, December 1, 1930, making the total amount of usury embraced therein, and deducting the expenses of the sale in the sum of $20, leaves due defendants $100 with interest on said usury payments the sum of $124.45, and that defendants are entitled to recover of complainant and H. G. Smith, surety on the injunction bond, said sum of $124.45. The court being further of the opinion and so adjudges and decrees that complainant is not entitled to recover of defendants or either of them, any attorney's fees in favor of the solicitor in this cause."

Whereupon, the chancellor further decreed as follows:

"It is, therefore, ordered, adjudged and decreed by the court that the satisfaction of the said H. G. Smith note be and the same is set aside and that complainant recover of defendant, E. J. Smith, said sum of $1,109.27, for which execution may issue.

"It is further ordered, adjudged and decreed by the court that the defendants E. J. Blount and wife, Annie Blount, have and recover of the complainant and H. G. Smith, surety on his injunction bond, said sum of $124.45, and that they recover of complainant and H. G. Smith, surety on the prosecution bond, all of the costs of this suit for which execution may issue."

The suit of Alfred Smith pending in the circuit court of Hardin county was perpetually enjoined, since the matters in controversy were all settled by the decree in this cause.

The complainant Alfred Smith excepted to so much of the decree as decreed a judgment against complainant in favor of E. J. Blount and wife, Annie Blount, for $124.45, and to so much of the decree as disallowed solicitor's fees to complainant's solicitor, and to so much of the decree as adjudged all the costs of the cause against complainant, and prayed and was granted an appeal from the said portions of the decree, which appeal has been perfected by complainant and errors assigned.

The defendant E. J. Blount excepted to that part of the decree holding and decreeing that complainant is entitled to have the satisfaction of the H. G. Smith note, as credited on the back thereof, satisfied and rendering a decree against said defendant for the sum of $768.54 with interest thereon, and prayed an appeal to this court

from that part of the decree. The appeal of the defendant was not perfected, but the defendant E. J. Blount has filed the record for error in this court, and has assigned errors.

We will first consider the assignment of error made by the defendant E. J. Blount. This assignment is directed to the action of the court in granting to complainant a recovery on the H. G. Smith note for the balance due thereon with interest.

Under this assignment it is the contention of the defendant E. J. Blount that the record clearly shows that complainant was not acting in good faith in applying the $1,100 proceeds of the trustee's sale to the satisfaction of the $745.34 note, and in satisfying that record. It being the contention of the defendant Blount that this was an attempted fraud upon Mrs. Annie Blount; that in so applying the proceeds of the sale it would leave the $1,100 note executed by both E. J. and wife Annie Blount with only a credit for the difference remaining after satisfying the H. G. Smith note, the obligation of Mrs. Annie Blount. In support of this contention it is earnestly argued by counsel, both at the bar of this court, and in the brief, that the whole conduct of complainant showed this fraudulent scheme and plan; that is, that complainant got possession of the H. G. Smith note at about the time of the trust deed foreclosure, claiming to have purchased the same from his father, and knowing that it was a prior incumbrance on the land to the trust deed securing the $1,100 note, and knowing that his purchase was subject to this prior lien, wanted to apply the amount at which he bid in the land first to the payment and satisfaction of said prior incumbrance because Mrs. Annie Blount was not on that note, but was on the $1,100 note jointly with her husband, and that this was a patent fraud attempted to be perpetrated by the complainant, and that in satisfying said H. G. Smith note of record, he did so knowingly, and that it was not the result of a mistake upon the part of complainant. It is therefore the contention of E. J. Blount that complainant came into the court of equity with unclean hands, and was not entitled to any relief under his bill.

The only evidence in the cause was the deposition of complainant, and the exhibits. Complainant testified that he had acquired the ownership of the H. G. Smith note from his father, H. G. Smith, and was the legal holder of the same at the time of the foreclosure sale. He further testified that he left the matter of applying the $1,100 sale price entirely to his attorney, who represented him in that matter; that he at the time considered that it was immaterial as to how the $1,100 was applied, since he was the owner of both debts. He also testified that he did not know of any property that Mrs. Blount owned. We think it clear from the evidence of complainant that he relied entirely on the advice of his attorney in applying the proceeds of the sale. His attorney advised him that

since he was the owner of both debts, the proceeds of the sale could be applied to either of the debts, or to both of them. In this, the attorney was clearly mistaken. The trust deed executed by Blount and his wife only secured the $1,100 note signed by Blount and wife, to complainant. The property was sold under the terms of this trust deed, and the proceeds of the sale could have only been applied to the $1,100 note, which it secured. The fact that complainant had become the owner of the H. G. Smith note, which was not secured by the trust deed, but was secured by a vendor's lien retained in the deed from H. G. Smith to Blount, would not entitle complainant to have the proceeds of the sale under the trust deed applied to that note. Complainant knew that this note was an incumbrance on the property at the time he loaned the $1,000 to Blount and wife and took the trust deed securing the same. He admitted that he made the loan to Blount and wife so that Blount could make a payment on the H. G. Smith note, and knew that the new note had been executed to H. G. Smith for the balance remaining due on the lien notes. He had the trust deed prepared himself; and although he had knowledge of the $745 34 lien note, the trust deed which he had prepared, and which Blount and wife executed to secure his note of $1,100, recited that there was no incumbrance on the property. He knew that there was this incumbrance on the property at the time he prepared the trust deed and had Blount and wife to execute it. In this situation we think that the sale of the property under the trust deed was a sale subject to the prior incumbrance, and that the purchaser at the trustee's sale for $1,100 purchased the property subject to the prior incumbrance. We are therefore of the opinion that the chancellor correctly held that the proceeds of the trustee's sale of the land should have been applied to the $1,100 note. We are further of the opinion that there is no sufficient evidence of attempted fraud upon the part of complainant to warrant the court in denying him the right to recover against defendant E. J. Blount the amount of the H. G. Smith note held and owned by complainant, and that there was no error in the decree of the chancellor in so decreeing. It results that the assignment of error by appellant E. J. Blount is overruled and disallowed.

██ ██ This brings us to a consideration of the assignments of error made by appellant Alfred Smith.

Under the several assignments of error by this appellant three questions are presented: First, that the court erred in finding and holding that $124.45 usury was collected by complainant from E. J. and Mrs. Annie Blount, and in decreeing a judgment against complainant in favor of said E. J. Blount and Mrs. Annie Blount.

Under this assignment it is contended that the suit having been dismissed as to Mrs. Annie Blount, and she not having sought any affirmative relief, that a judgment could not be rendered in her

favor for alleged usury paid by her to complainant. It being further contended that upon sustaining the demurrer and dismissing the bill as to Mrs. Annie Blount, she was no longer before the court for any purpose in the cause. It is further contended that there is nothing in the record to show that Mrs. Annie Blount overpaid any part of the alleged usury, and that it appears that defendant E. J. Blount made the interest payments. We do not find anything in the record to show who actually made the payments of the alleged interest or usury, except the statement of complainant that defendant Blount paid interest on the note for two years after the note was executed, and that $100 of the $1,100 represented the first year's interest. It would only be by inference that E. J. Blount furnished the money to pay the interest. We think this would be a fair inference under the circumstances as disclosed by the record. In the first place, E. J. Blount was indebted to H. G. Smith on the vendor's lien notes which he had executed to H. G. Smith in the purchase of the land. It is true that the $1,000 obtained from complainant was used by E. J. Blount, at least the major portion of it, in making a payment on the land notes which he owed to H. G. Smith, and the loan was obtained for the purpose of making a payment on the notes which he owed to H. G. Smith. His wife joined in the trust deed on the property to secure this loan, and also signed the note with her husband. It was therefore the joint obligation of both E. J. Blount and wife, Mrs. Annie Blount. Any payments made on the note, by way of excess interest, or usury, when credited on the note would have reduced the obligation of Mrs. Blount by that amount, and were, therefore, as much for her benefit as for the benefit of E. J. Blount, regardless of who actually made the payment. We are therefore of the opinion that it is immaterial as to who actually furnished the money to make the payment. This appellant, however, contends that since the chancellor sustained the demurrer of Mrs. Annie Blount and the suit was dismissed as to her, that she was no longer a party to the suit, and therefore a judgment could not be rendered in her favor for the alleged usury, but could only be in favor of E. J. Blount, and to be set off by E. J. Blount against the judgment which was decreed to the complainant on the H. G. Smith note. This contention would no doubt be sustained, but it appears that when the nonsuit was taken before the justice of the peace, after both defendants had filed pleas of set-off on account of usury, and defendants had appealed to the circuit court of Hardin county, complainant confessed judgment in the circuit court case when he filed the original bill in this cause and enjoined the circuit court proceeding. Mrs. Annie Blount was a party to that suit, and was still in court on her plea of set-off, although complainant had taken a nonsuit before the justice of the peace. Complainant was required to execute an injunction bond,

and the judgment in favor of both defendants on account of the usury was against the injunction bond given by complainant with H. G. Smith as surety thereon. In this situation we do not think that it was error for the court to decree a judgment in favor of both E. J. Blount and Mrs. Annie Blount against the principal and surety on the injunction bond, as was decreed by the chancellor. It therefore results that the assignments of error by complainant presenting that question are overruled and disallowed.

The second question presented by the assignments of error is directed to the action of the chancellor in not allowing solicitor's fees for complainant's solicitor as provided in the notes.

We do not think that this was error. The $1,100 note was satisfied by the sale of the trust deed, and hence no judgment was decreed on that note. This whole litigation resulted on account of the conduct of complainant in seeking to apply the proceeds of the sale at which he bought the property, first to the satisfaction of the H. G. Smith $745.34 note, and satisfying same. This litigation therefore was the result of his own mistake as to making a proper application of the proceeds of the sale from the land.

We do not think the chancellor was in error in disallowing solicitor's fees to complainant's solicitor under the facts of the record.

The third and final question presented by the assignments of error is with reference to the judgment for costs of the cause against complainant; it being contended by this appellant that complainant having been successful in the litigation, the cost should have been adjudged against the defendant. What we have said with reference to the matter of solicitor's fees is equally applicable to this question. The litigation was the result of the mistake of complainant in satisfying the H. G. Smith note. One of the purposes of the bill was to have the satisfaction of said note set aside by the decree of the chancellor, so that complainant could maintain his suit on the note. The chancellor has a broad discretion in the matter of taxing and adjudging costs. The exercise of this discretion will not be disturbed on appeal except where there is a clear abuse of discretion. We think that the chancellor correctly held and decreed that under the facts as disclosed by the record that the costs of the cause should be paid by complainant and surety on the prosecution bond.

It results that we find no error in the decree of the chancellor. and it is accordingly affirmed, and all assignments of error by both complainant and defendant are overruled. The cost of this appeal will be paid by appellant, Alfred Smith, and surety on the appeal bond.